# United States District Court
### EASTERN DISTRICT OF TEXAS
#### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:10-CR-112 |
| | § | Judge Folsom |
| TIMOTHY TITUS HEARD | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant's Motion to Suppress Evidence and Statements (Dkt. #103). Having considered the relevant pleadings, and argument and testimony given at the August 17, 2010 hearing, the Court is of the opinion that Defendant's motion should be denied.

### BACKGROUND

Defendant is charged with Conspiracy to Distribute and Dispense and Possess with Intent to Distribute and Dispense Cocaine Base, in violation of 21 USC §§ 841(a)(1) and 846. Defendant seeks to suppress all evidence connected to the search of Defendant's residence on May 15, 2008.

The Government offered the testimony of Sr. Corporal Tony Castleberg ("Castleberg") of the Dallas Police Department.[1] Castleberg testified that on May 14, 2008, an individual named Willie Frazier ("Frazier") was arrested by other officers for possession of marijuana and cocaine. Castleberg interviewed Frazier after his arrest. Frazier told Castleberg that he purchased the cocaine from Defendant at 2026 Kraft Street, Dallas, Texas, on May 14, 2008. Defendant broke the cocaine from a kilo that was located in the kitchen of the residence. Frazier stated that he saw two to three kilos of cocaine inside the residence. Frazier also told Castleberg that he purchased 1/4 of a kilo of cocaine on May 13, 2008, from Defendant, at the same address. Frazier accompanied Castleberg to

---

[1] The following testimony recounts the information included in Castleberg's affidavit. The Court has not considered any testimony that includes facts that are not in the affidavit in considering Defendant's motion.

the location of the residence and identified the 2026 Kraft Street address as the residence where he purchased cocaine from Defendant.

Castleberg drafted an affidavit to obtain a search warrant based upon these statements. In the affidavit, Castleberg stated that he believed the information provided by Frazier to be true and correct because the statements were made against Frazier's penal interest. The interview of Frazier was videotaped, but Castleberg is not aware of the location of the tape. At the time of his statements, Frazier was already under arrest.

On May 15, 2008, Defendant's residence at 2026 Kraft Street, Dallas, Texas, was searched pursuant to a warrant obtained based on the affidavit provided by Castleberg. The search led to the discovery of a large sum of money, a substance alleged to be cocaine, and various other items.

## ANALYSIS

When considering the validity of a search warrant, the Court engages in a two-step inquiry: (1) the Court must determine whether the good-faith exception to the exclusionary rule applies; and (2) then the Court must determine whether the warrant was supported by probable cause. *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2006); *United States v. Laury*, 985 F.2d 1293, 1311 (5th Cir. 1993); *United States v. Satterwhite*, 980 F.2d 317, 320 (5th Cir. 1992). The Court need not reach the question of probable cause if the good-faith exception applies, and the case does not involve a "novel question of law." *Payne*, 341 F.3d at 399; *Laury*, 985 F.2d at 1311; *Satterwhite*, 980 F.2d at 320. Since this case does not appear to present a novel question of law, the Court should initially address the good-faith issue.

In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court concluded "that evidence obtained by officers in objectively reasonable good-faith reliance upon a search warrant is

2

admissible, even though the affidavit on which the warrant was based was insufficient to establish probable cause." *Satterwhite*, 980 F.2d at 320 (citing *Leon*, 468 U.S. at 922-23, 104 S.Ct. at 3420). The good-faith exception does not apply under any one of four situations: (1) the issuing magistrate was misled by an affiant who knowingly, or with reckless disregard for the truth, provided the affidavit on which the magistrate relied; (2) the magistrate wholly abandoned his judicial role and acted as part of the law enforcement team; (3) the law enforcement officer relied on a warrant based on an affidavit so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable; and (4) the warrant itself was so facially deficient that the executing officers could not have reasonably relied on its validity. *United States v. Cherna*, 184 F.3d 403, 407-08 (5th Cir. 1999). However, "[w]hen a warrant is supported by more than a 'bare bones' affidavit, officers may rely in good faith on the warrant's validity." *Satterwhite*, 980 F.2d at 321 (citations omitted). A "bare-bones" affidavit is one that contains "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." *Id*. (citations omitted). In the present case, Defendant argues that the good-faith exception does not apply based upon the third situation listed above.

Defendant argues that the affidavit used to obtain the search warrant in this case is bare bones and fails to establish probable cause. Defendant argues that the affidavit lacks in indicia of probable cause because it is based upon the statements of Frazier, an individual who has not provided reliable information in the past to law enforcement. Also, Defendant argues that law enforcement has not corroborated any of the statements made by Frazier "in the way of observation or otherwise." Further, Defendant disputes that Frazier's statements are reliable because they were made to gain favor with law enforcement and "Frazier was arrested red handed."

3

The Government argues that under the totality of the circumstances, the affidavit provided the issuing magistrate a substantial basis to support a finding of probable cause. The Government bases its argument for probable cause on the following: (1) The affidavit included the specific identity of the individual selling cocaine and the house to be searched; (2) Frazier made statements against his penal interest; (3) The affidavit included specific details about the weight and type of drugs as well as the specific location in the house where the drugs could be found; (4) The affidavit included information about multiple drug sales; and (5) The affidavit included statements by the officer demonstrating that the officer had seen the targeted house himself, allowing the officer to make his own observations about the house.

When considering affidavits similar to the affidavit in this case, the Fifth Circuit has held that the good-faith exception applied. In *United States v. Cordero*, 465 F. 3d 626 (5th Cir. 2006), the Fifth Circuit held that the good-faith exception applied where the affiant officer based his affidavit on information obtained from an unidentified informant. In holding that the affidavit was not bare bones, the Court noted that the officer's affidavit alleged "recent, personal observation of cocaine" by the informant, the informant "demonstrated his/her ability to identify cocaine," and the informant "identified the residence, car, and 'outer premises'" where the cocaine would be found. *Id*. at 630. The Court also noted that the officer sufficiently corroborated the informant's information by visiting the residence and confirming the residence was described accurately. *Id*.

Also, the Fifth Circuit, in *United States v. Ramirez*, 247 F. App'x 515 (5th Cir. 2007), held that an affidavit regarding methamphetamine possession could be relied upon in good faith. In finding that the good-faith exception applied, the Court pointed out that the information in the

affidavit was provided by a known person and not from an anonymous tip[2], the affidavit recounted activities that the informant had personally witnessed, the informant had knowledge of methamphetamine and another informant told the affiant the informant sold methamphetamine, the informant was warned of the consequences of making false statements, and the affiant officer confirmed that the address given by the informant was the defendant's address. *Id*. at 518. The Court noted, "[r]egardless of whether all of this together actually amounts to probable cause to believe that [defendant] possessed methamphetamine at his home, it is beyond the realm of mere conclusory statements and is sufficient for a magistrate to make a probable-cause determination." *Id*.

Further, in *United States v. Benavides*, 349 F. App'x 897 (5th Cir. 2009), the Fifth Circuit reaffirmed its holding in *Ramirez*. Noting that the affidavit under consideration was almost identical to the affidavit the Court approved in *Ramirez*, the Court stated "[t]he only difference between the two situations is that this [confidential informant] hoped for leniency in exchange for his information." *Id*. at 899. "Although we have expressed concern about informants in this position...we do not think that difference is enough to make reliance on the affidavit unreasonable." *Id.* (citation omitted).

In the current case, similar to the cases discussed above, the affidavit supplied by Castleberg is not bare bones. The affidavit states that Frazier purchased cocaine from Defendant the day Frazier was arrested and also purchased cocaine from Defendant the previous day. *See Cordero*, 465 F.3d at 630 ("recent, personal observation of cocaine" in defendant's residence indicated affidavit was

---

[2] Similar to the current case, the affiant in *Ramirez* "received a tip from a confidential informant who was in custody and facing criminal charges." *Ramirez*, 247 F. App'x at 516.

not bare bones); *See also Satterwhite*, 980 F.2d at 322 (noting that personal knowledge and observation lends credibility to an informant's statements).

The statements by the informant also carry their own indicia of probable cause due to Frazier's statements being against his penal interest. *See Satterwhite*, 980 F.2d at 323 (quoting *United States v. Harris*, 403 U.S. 573, 583 (1971)) ("'Admissions of crime...carry their own indicia of credibility.'"). Frazier admitted to purchasing the cocaine for which he was arrested the day the affidavit was drafted and also admitted to purchasing 1/4 of a kilo of cocaine from Defendant on a previous occasion. *See United States v. Steele*, 353 F. App'x 908, 910 (5th Cir. 2009) (Informant's statement that she purchased cocaine from defendant added to informant's credibility).

Frazier's statements also provide an indicia of probable cause because he provided the address of the residence, physically identified the address to the affiant, and was specific as to the location, amount, and type of drugs, stating that Defendant "broke the cocaine from a kilo that was located in the kitchen of the residence." *See United States v. Grogan*, No. 1:05-CR-136(4), 2006 WL 1305160 *3 n.5 (E.D. Tex. May 9, 2006) (Informant's statement that cocaine "was inside the residence, outside the residence, and also in the pick-up truck" provided a reasonable basis to conclude that the informant had been to the premises and observed cocaine, but a high degree of detail, such as "in the bedroom closet," provides a further indicia of probable cause).

Based upon the foregoing, the Court concludes that the affidavit here is not bare bones and the good-faith exception to the exclusionary rule applies.

## RECOMMENDATION

The Court recommends that Defendant's Motion to Suppress (Dkt. #103) should be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 9th day of September, 2010.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE